Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8926 | **DATE** | 9/27/2004 |
| **CASE TITLE** | DANIEL APONTE vs. JERRY STERNES, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Respondent's motion to dismiss [doc. no. 13-1] is granted. This case is hereby terminated, and all other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | SEP 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. DANIEL APONTE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> JERRY STERNES, et al., ) <br> ) <br> Respondent. ) <br> ) | Judge Ronald A. Guzmán <br><br> 03 C 8926 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Respondent's Motion to Dismiss Petitioner Daniel Aponte's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons discussed below, Respondent's motion is granted.

## BACKGROUND

On August 15, 1996, Aponte was sentenced by the Circuit Court of Cook County to a term of forty years' imprisonment after a jury found him guilty of armed robbery. (Pet. Habeas Corpus ¶¶ 1-6.) Aponte appealed, but on June 10, 1998, the Illinois Appellate Court affirmed both his conviction and sentence. (*Id.* ¶ 8.) Thereafter, Aponte filed a petition for rehearing, which was denied on July 27, 1998. (Mot. Dismiss, Ex. B.)[1] Having failed to file a timely petition for leave

---

[1] The Court takes judicial notice of matters in the public record that are attached to Respondent's motion to dismiss. *See Henson v. CSC Credit Servs.,* 29 F.3d 280, 284 (7th Cir. 1994).

to appeal, on July 22, 1999, Aponte filed a motion with the Illinois Supreme Court for leave to file a late petition for leave to appeal, which was denied on October 5, 1999. (Mot. Dismiss, Exs. C, D.)

On August 5, 1999, Aponte submitted two motions to the Circuit Court of Cook County: one moving the court to appoint an investigator to assist Aponte in preparing his post-conviction petition, the other requesting a free copy of his transcript and record. (Mot. Dismiss, Ex. E.) The circuit court denied Aponte's request for the trial transcript, noting that it had already been provided. (Mot. Dismiss, Ex. F.) Aponte filed a petition for post-conviction relief on August 11, 1999,[2] which was dismissed as being without merit on October 21, 1999. (Pet. Habeas Corpus ¶¶ 9-10; Mot. Dismiss, Ex. G.) Aponte's motion for the appointment of an investigator was also dismissed on October 21, 1999. (Mot. Dismiss, Ex. G.)

On appeal, the appellate court affirmed the circuit court's denial of the motion for a free copy of the record on November 21, 2000. (Mot. Dismiss, Ex. F.) The appellate court also affirmed the dismissal of Aponte's petition for post-conviction relief on December 4, 2001. (Mot. Dismiss, Ex. H.) The Illinois Supreme Court denied Aponte's leave to appeal on December 5, 2002. (Mot. Dismiss, Ex. I.) On May 5, 2003, the U.S. Supreme Court denied Aponte's petition for a writ of certiorari. (Mot. Dismiss, Ex. J.)

---

[2] Aponte finished preparing his petition on August 11, 1999. Materials involving Aponte's post-conviction petition submitted with his petition for a writ of habeas corpus reflect a filing date of August 17, 1999. However, because the date is being used for the purpose of calculating a period of limitations for a person in custody, "the mailbox rule governs when a case is filed in the substantive sense for statute of limitations purposes." *Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999).

## **DISCUSSION**

Respondent has moved to dismiss Aponte's petition on the sole basis that it is time-barred under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2244(d)(1). While the one-year period begins to run at the latest of certain dates, as proscribed by 28 U.S.C. §§ 2244(d)(1)(A)-(D), the Court finds that only § 2244(d)(1)(A) applies in the present case.[3] *See United States ex rel. Pickens v. Battles*, No. 03 C 6479, 2004 WL 609368, at *1 (N.D. Ill. Mar. 19, 2004). Section 2244(d)(1)(A) provides that the one-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The Seventh Circuit has held that "the statute of limitations imposed by section 2244(d)(1)(A) begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; *or* (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are

---

[3] As Respondent correctly notes, Aponte "has not asserted that his one-year time limit is governed by any of the events listed in [28 U.S.C. §§ 2244(b)-(d)]." (Mot. Dismiss at 4.) Specifically, Aponte has alleged neither that there was an impediment to the filing of his habeas petition created by an unconstitutional state action, (*see* 28 U.S.C. § 2244(b)), nor that any of his claims are based on events occurring after his direct appeal which could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d). Aponte does raise a claim that his extended term sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), but 28 U.S.C. § 2244(c) applies only to those rights made "retroactively applicable to cases on collateral review," a classification that does not include *Apprendi*. 28 U.S.C. § 2244(c); *see Garrott v. United States*, 238 F.3d 903, 906 (7th Cir. 2001).

concluded, followed by the expiration of the time allotted for filing a petition for writ." *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002) (emphasis in original).

To determine when the time for seeking direct state review expired, the Court looks to Illinois Supreme Court Rule 315(b), which is applicable to criminal appeals through Illinois Supreme Court Rule 612(b):

> If a timely petition for rehearing is filed, the party seeking review [by the Illinois Supreme Court] must file the petition for leave to appeal within 21 days after the entry of the order denying the petition for rehearing, or within the same 21 days must file with the Appellate Court an affidavit or a section 1–109 certification of intent to file a petition, and file the petition within 35 days after entry of such order.

Ill. S.Ct. R. 315(b).

While Aponte timely filed a petition for rehearing, that petition was denied on July 27, 1998. Thus, Aponte had twenty-one days after July 27, 1998 either to file his petition for leave to appeal or to notify the appellate court of his intent to file such a petition. Aponte did neither.[4] Accordingly, the one-year period set out by § 2244(d)(1) commenced on August 17, 1998, twenty-one days after the Illinois Appellate Court's dismissal of his petition for rehearing.[5] *See United States ex rel. Thomas v. Welborn*, No. 00 C 2601, 2000 WL 1831548, at *2 (N.D. Ill. Dec. 13, 2000) (holding that

---

[4] As noted above, Aponte did move the Illinois Supreme Court for leave to file a late motion for leave to appeal, but this motion was denied on October 5, 1999.

[5] Aponte did not, and could not, file a petition for writ of certiorari with the United States Supreme Court because he did not receive a final decision by the highest court in Illinois. *See* 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); *Banks v. California*, 395 U.S. 708, 708 (1969) (dismissing writ of certiorari for want of jurisdiction where petitioner did not ask the state's supreme court to review the decision of the appellate court).

petitioner's failure to file a petition for leave to appeal created a final judgment twenty-one days following the appellate court's ruling, pursuant to Illinois Supreme Court Rule 315); *see also Fernandez v. Sternes*, 227 F.3d 977, 981 (7th Cir. 2000) (noting that "[s]tate processes ended when the time to seek further review expired" and while "[t]hey may be revived...the prospect of revival does not make a case 'pending' in the interim"). Moreover, Aponte's motion to file a late petition for leave to appeal, which was denied, does not extend this date. *See Tate v. Pierson*, 177 F. Supp. 2d 792, 797 (N.D. Ill. 2001) (citing *Fernandez*, 227 F.3d at 979) (noting that petitioner's "motion to file a late petition for leave to appeal was denied and therefore could not extend the accrual date").

However, while the clock started running on August 17, 1998, 28 U.S.C. § 2244(d)(2) provides persons in custody with a method by which they are able to effectively toll the period of limitations during the pendency of a properly filed application for post-conviction review. Specifically, § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)(1)]." 28 U.S.C. § 2244(d)(2).

In the present case, Aponte did seek post-conviction relief, which would toll the applicable one-year period of limitation. Aponte's petition for post-conviction relief was filed on August 11, 1999, 359 days after August 17, 1998, the commencement of the one-year period established by § 2244(d)(1). With little time to spare, Aponte therefore did pause the clock measuring the one-year period of limitations.

When the clock restarted is an issue that is unresolved by the Seventh Circuit. Specifically, the Seventh Circuit expressly has not addressed "the impact of a properly filed petition for certiorari from the denial of state post-conviction relief on the statute of limitations in habeas corpus actions." *Gutierrez v. Schomig*, 233 F.3d 490, 492 (7th Cir. 2000) (noting, in *dicta*, that other circuits have held that a properly filed petition for certiorari review does not toll the limitations period because "the state post-conviction review is complete once the state's highest court has ruled"); *see also United States ex rel. Brost v. Briley*, No. 01 C 2673, 2001 WL 558043, at *3 n.4 (N.D. Ill. May 21, 2001) (conveying the belief that the Seventh Circuit "would agree that seeking certiorari by the United States Supreme Court is not a form of 'State...review'" and therefore not includable in the tolling calculation).

Ultimately, the Court need not answer the question left unresolved by the Seventh Circuit in this case because Aponte's petition for a writ of habeas corpus is untimely in any event. If the time during which Aponte sought a writ of certiorari did not toll the one-year period of limitation, the clock began to run again on December 5, 2002, and Aponte's filing of his petition for a writ of habeas corpus on December 5, 2003 would be 359 days late. If the period of limitation were tolled while Aponte sought a writ of certiorari, his habeas corpus petition would nevertheless be 208 days late.

As a final matter, this Court must consider whether Aponte's petition must be considered on its merits, despite being time-barred under 28 U.S.C. § 2244(d)(1). In his response to the motion to dismiss, Aponte states that he "is innocent of the crime he is convicted for due to malicious and

deceptive practices thr[ough] perjured testimony which was never impeached by ineffective trial counsel which also did his appeal as well." (Resp. Mot. Dismiss at 9.)

"A claim of actual innocence or the 'fundamental miscarriage of justice exception' . . . can provide a gateway for federal habeas courts to review procedurally defaulted claims." *United States ex rel. Caffey v. Briley*, 266 F. Supp. 2d 789, 793 (N.D. Ill. 2003) (citing *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). To show actual innocence, Aponte "must not only 'support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial' but also 'show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Tate*, 177 F. Supp. 2d at 802 (quoting *Schlup v. Delo*, 513 U.S. 298 (1995)); *see Thomas*, 2000 WL 1831548, at *3 (quoting *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)) ("In order to demonstrate a fundamental miscarriage of justice, a petition must show that 'a Constitutional violation has probably resulted in the conviction of one who is actually innocent.'").

Aponte fails to meet this requirement because he has not provided new, reliable evidence that was not presented at trial. (*See* Pet. Habeas Corpus at 4-6.) At best, the "evidence" Aponte offers is merely his version of the events underlying his conviction and is completely unsupported. *See Thomas*, 2000 WL 1831548, at *4 (noting that the "new evidence" submitted by the petitioner in connection with his habeas claim was "completely unsupported" and therefore "do[es] not approach the level of proof required of a petitioner seeking to invoke the actual innocence exception"). Furthermore, even assuming that Aponte's submissions did constitute new evidence, he has not shown that it is more likely than not that that no reasonable juror would have convicted him in light

7

of the new evidence. Accordingly, Aponte has failed to show that the dismissal of his petition will result in a "fundamental miscarriage of justice."

## CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss [doc. no. 13-1] is granted. This case is hereby terminated, and all other pending motions are denied as moot.

**SO ORDERED**  DATE: 9/27/04

*[signature]*
HON. RONALD A. GUZMAN
United States Judge